**SIGNED THIS: March 31, 2010**

                                                  **MARY P. GORMAN**
                                        **UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | In Bankruptcy |
| NANCY E. ARNOLD, | ) | |
| | ) | Case No. 10-70126 |
| Debtor. | ) | |

## O P I N I O N

Before the Court is the Trustee's Objection to the Debtor's Second Amended Schedule C - Property Claimed as Exempt. The Debtor has claimed an exemption in an investment account, asserting that the account was intended to be a retirement account. Because the account is not, in fact, part of a retirement plan as is required for the account to qualify for exemption, the Trustee's Objection will be sustained.

The Debtor, Nancy E. Arnold, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 20, 2010. On her

-1-

original Schedule C, the Debtor claimed a $49,202.23 exemption in "AG Edwards IRA accts" pursuant to the Illinois exemption for retirement accounts.[1]  *See* 735 ILCS 5/12-1006(a).  Mariann Pogge ("Trustee") objected to the claimed exemption on the grounds that part of the account was an investment not eligible to be claimed exempt under §12-1006(a).

The Trustee's Objection prompted the Debtor to file a First Amended Schedule C and then a Second Amended Schedule C.  The Second Amended Schedule C is at issue here and provides as follows:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| SCHEDULE B - PERSONAL PROPERTY | | | |
| AG Edwards Investment Acct | 735 ILCS 5 §12-1006(a) | 17,772.90 | 17,772.90 |
| AG Edwards Roth IRA | 735 ILCS 5 §12-1006(a) | 1,052.32 | 1,052.32 |
| AG Edwards Traditional IRA | 735 ILCS 5 §12-1006(a) | 29,780.74 | 29,780.74 |

The Trustee now objects to the Second Amended Schedule C and the claim of exemption in "AG Edwards Investment Acct" in the amount of $17,772.90 on the same basis as her original objection.  She alleges that the account is not a retirement account but rather is simply an ordinary investment account which cannot be claimed as exempt under §12-1006(a).

The Illinois exemption for retirement plans provides as follows:

---

[1] Illinois residents are limited to the use of Illinois exemptions rather than those provided by §522(d) of the Bankruptcy Code.  See 735 ILCS 5/12-1201; 11 U.S.C. §522(b).

-2-

>    (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

735 ILCS 5/12-1006(a) (footnotes omitted).

The Trustee, as the party objecting to the Debtor's claim of exemption, has the burden of proving by a preponderance of the evidence that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c); In re Giffune, 343 B.R. 883, 889 (Bankr. N.D. Ill. 2006). Once the trustee introduces sufficient evidence to rebut the *prima facie* validity of the debtor's exemption claim, the burden shifts to the debtor to demonstrate that the exemption is proper. In re Dixon, 327 B.R. 421, 423 (Bankr. E.D. Mo. 2005). However, the ultimate burden of persuasion is on the trustee. In re Harwood, 404 B.R. 366, 404 (Bankr. E.D. Tex. 2009).

The Trustee has rebutted the *prima facie* validity of the Debtor's exemption claim by establishing that, on its face, the account is designated solely as an investment account and not as a retirement account. Thus, the burden shifts to the Debtor to show that the exemption is proper. The Debtor, through her attorney, asserts that the funds in the investment account were intended, in

good faith, to be saved and used for her retirement.[2]  But that is not a sufficient basis to allow the exemption.  The exemption is not available for an investment simply because the investment was made with a view towards having funds available for retirement spending.  Rather, the exemption is limited to investments in specifically designated plans which were created, in good faith, to comply with the requirements of the Internal Revenue Code.  It is not enough that the Debtor "in her mind" may have intended that the investment account would provide funds "for purposes of retirement."  In re Ellis, 274 B.R. 782, 788 (Bankr. S.D. Ill. 2002).  The Illinois exemption for retirement accounts "cannot be extended to protect whatever a debtor unilaterally chooses to claim as intended for retirement purposes."  Id.

   The Debtor may not claim the investment account as exempt under §12-1006(a) because she admittedly cannot demonstrate that she intended the account to qualify as a retirement plan under the Internal Revenue Code.  She clearly knows how to create an exempt retirement account - she has both a regular IRA and a Roth IRA - but she failed to take the necessary steps to qualify the investment account as a retirement account.  See In re Weinhoeft,

---

[2] No evidentiary hearing has been held on the issue before the Court.  At a hearing on March 16, 2010, the Debtor's attorney declined the opportunity to present testimony and requested that the Court rule on the legal issue of whether an assertion by the Debtor that she intended to create a retirement account would be sufficient to qualify the account - which is admittedly not actually a retirement account - for the claimed exemption.

275 F.3d 604, 606 (7th Cir. 2001) (§12-1006 should not "be construed to cover funds that are outside retirement plans. . .[or] assets that might have entered a retirement plan but didn't[.]")

For the foregoing reasons, the Trustee's Objection to the Debtor's Second Amended Claim of Exemption in the AG Edwards Investment Account is sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###